UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRI R. LOWE, et al., | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Case No. 3: 16-CV-2017-N-BK |
| | § | |
| WAL-MART STORES, INC., | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to *Special Order 3*, this cause is before the undersigned for pretrial management. Now before the Court is Defendant's *Motion to Dismiss Plaintiffs' Original Complaint*, Doc. 7, and Plaintiffs' *Motion for Summary Judgment*, Doc. 13. For the reasons that follow, the *Motion to Dismiss* should be **GRANTED**, and the *Motion for Summary Judgment* should be **DENIED**.

**A. Procedural History**

Plaintiffs, Sherri Lowe and Shirley Lowe-Griffith, filed this pro se action in August 2016, asserting a host of discrimination-based claims against Defendant. Doc. 3. By way of background, Plaintiffs allege that they went to Defendant's store to shop, but there were no "handheld carry baskets," nor was there an electric scooter with a safety belt to secure Plaintiff Lowe-Griffith who is elderly and paralyzed. Doc. 3 at 2. Plaintiffs also assert that they encountered race discrimination when an alarm in the store and loss prevention personnel alerted them that they were being investigated for theft, but white shoppers were not subjected to similar treatment. Doc. 3 at 1. In that vein, Plaintiffs contend that Defendant and its employees falsely "communicated orally that Plaintiffs engaged in theft." Doc. 3 at 15.

Plaintiffs assert various claims, including that Defendant violated (1) the public accommodation requirement of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§

12182 and 12131, based on Lowe-Griffith's paralysis, by refusing to provide an electric scooter with a seat belt and/or provide a handheld shopping basket; (2) 42 U.S.C. § 2000a(b) and 42 U.S.C. § 1981, based on Defendant's racially profiling Plaintiffs in a public accommodation; (3) the Thirteenth Amendment to the U.S. Constitution, which prohibits slavery; (4) the Fourteenth Amendment, based on Defendant's racially profiling Plaintiffs in a public accommodation; (5) negligence, due to Defendant's failure to protect Plaintiffs from discrimination; (6) intentional infliction of emotional distress ("IIED"); and (7) slander and defamation based on Defendant's employees' "communicating that Plaintiffs were stealing." Doc. 3 at 2-16. Plaintiffs seek damages in excess of $10 million. Doc. 3 at 5. Defendant now moves to dismiss Plaintiffs' complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 7. Plaintiffs have responded to the motion and also filed a cross-motion for summary judgment.[1]  Doc. 12; Doc. 13.

### B. Applicable Law

A plaintiff fails to state a claim for relief under Rule 12(b)(6) when the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery . . . or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (quotation omitted). A court ruling on a Rule 12(b)(6) motion may rely on the complaint,

---

[1] Because the Court recommends granting Defendant's dismissal motion on the merits in its entirety, the Court need not reach the merits of Plaintiffs' summary judgment motion. Similarly, the Court need not address Defendant's argument that this case should be dismissed for insufficient service of process. Doc. 8 at 12-13.

documents properly attached to the complaint or incorporated into the complaint by reference, and matters of which a court may take judicial notice. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).

C. **Arguments and Analysis**

1. *Public accommodation requirement under the ADA*

Plaintiffs assert violations of the ADA based on Defendant's refusal to provide a handheld shopping basket and to provide Plaintiff Lowe-Griffith an electric scooter with a seat belt. Doc. 3 at 2-3. As an initial matter, the Court finds that Plaintiff Lowe does not have standing to bring her own ADA claim against Defendant because she does not allege that she was discriminated against on the basis of a disability. *See Hooker v. Dallas Indep. Sch. Dist.*, No. 3:09-CV-1289-D, 2010 WL 4025877, at *5 (N.D. Tex. Oct. 13, 2010) (Fitzwater, C.J.) (finding that parents lacked standing to bring a claim under the ADA on behalf of their child because the parents were not themselves disabled). "The issue of party standing factors into the court's jurisdictional limits under Article III of the Constitution." *Harris Cty. Tex. v. MERSCORP, Inc.*, 791 F.3d 545, 552 (5th Cir. 2015). Because Plaintiff Lowe has no standing to bring a claim under the ADA, this Court lacks subject matter jurisdiction over that claim and it should be dismissed.

As pertains to Plaintiff Lowe-Griffith's claim, Title III of the ADA applies to public accommodations and generally provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services . . . [or] privileges . . . of any place of public accommodation." 42 U.S.C. § 12182(a); Doc. 8 at 20-22. Accordingly, places of public accommodation are prohibited from "denying the disabled access to the good or service and from interfering with the disableds' full and equal enjoyment of the goods and

3

services offered." *McNeil v. Time Ins. Co.*, 205 F.3d 179, 188 (5th Cir. 2000). The "goods and services referred to in the statute are simply those that the business normally offers." *Id.* at 186-87. A public accommodation "need not modify or alter the goods and services that it offers in order to avoid violating Title III." *Id.* at 188. Title III also does not require that a public accommodation provide a disabled person with items or devices that the business does not ordinarily provide to customers. 28 C.F.R. § 36.306 (providing that the law does not require that a public accommodation provide its customers devices such as wheelchairs or prescription eyeglasses).

Against this backdrop, Plaintiff Lowe-Griffith cannot plausibly allege that Defendant denied her access or interfered with her access to the goods or services that Defendant normally offers. Defendant's failure to supply hand baskets and electric scooters with seat belts does not violate the ADA because Defendant does not offer those devices to all of its customers. *See McNeil*, 205 F.3d at 186-87; 28 C.F.R. § 36.306. Accordingly, Plaintiff Lowe-Griffith cannot state a Title III claim, and that cause of action should be dismissed.

   *2. 42 U.S.C. § 2000a and 42 U.S.C. § 1981*

Plaintiffs' complaint under sections 1981 and 2000a is that Defendant's employees racially profiled them by treating them as suspected thieves when white customers were not treated similarly. Doc. 3 at 5-7. To establish a claim for discrimination under section 1981, a plaintiff must allege facts to support the following elements: (1) the plaintiff is a member of a minority race; (2) the defendant intended to discriminate on the basis of race; and (3) the discrimination concerned one or more of the enumerated activities set forth in section 1981. *Green v. State Bar of Tex.*, 27 F.3d 1083, 1086 (5th Cir. 1994). The "enumerated activity" Plaintiffs plead in this case is the right to make and enforce contracts. Doc. 3 at 6-7. To

establish a deprivation of section 1981 rights in the retail context, Plaintiffs must demonstrate "the loss of an actual, not speculative or prospective, contract interest.'" *Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003) (quoting *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751-52 (5th Cir. 2001)).

To establish a claim under section 2000a, Plaintiffs must show that (1) Defendant's activities affect commerce; (2) Defendant is a place of public accommodation; and (3) Defendant denied Plaintiffs the full and equal enjoyment of Defendant's goods and services. *United States v. DeRosier*, 473 F.2d 749, 751 (5th Cir. 1973).

As Defendant accurately contends, Plaintiffs have not alleged that Defendant "actually prevented, and not merely deterred" them from making a purchase. Doc. 8 at 18-19; *Arguello*, 330 F.3d at 359 (quoting *Morris*, 277 F.3d at 752). Indeed, Plaintiffs completed their purchase, which is the basis of the contract in question, so their section 1981 claim should be dismissed. *Id.* Similarly, as relates to Plaintiffs' section 2000a claim for injunctive relief, they were not denied full and equal enjoyment of Defendant's merchandise because they did complete their purchase. *Id.* at 361. Injunctive relief that is sought to govern future conduct is not warranted simply based on an allegation of prior misconduct. *Id.* (dismissing section 2000a injunctive relief claim and stating that "if [the plaintiffs] have no cause of action under § 1981, "they have no closer relationship to future conduct than does any member of the general public"). Accordingly, dismissal of Plaintiffs' section 1981 and 2000a claims is warranted.

*3. Violation of the Thirteenth Amendment*

The Thirteenth Amendment prohibits slavery and involuntary servitude in the United States and grants Congress the authority to enforce that prohibition by appropriate legislation. U.S. CONST. amend. XIII, § 1-2. Nothing in the facts Plaintiffs posit appears to implicate the

protections of the Thirteenth Amendment, nevertheless, as Defendant argues, the Thirteenth Amendment does not give rise to a private cause of action. *See, e.g.*, *Vietnamese Fishermen's Ass'n. v. Knights of the Ku Klux Klan*, 518 F.Supp. 993, 1012 (S.D. Tex. 1981) ("This Court is unaware of any authority which would support the proposition that a direct cause of action exists under the Thirteenth Amendment of the Constitution."); *see also United States v. Cannon*, 750 F.3d 492, 499 (5th Cir. 2014) (stating that the Thirteenth Amendment's grant of authority is "as clear as language can make it. The things denounced are slavery and involuntary servitude, and *Congress* is given power to enforce that denunciation.") (emphasis added). Plaintiffs' claim under the Thirteenth Amendment should be dismissed.

    *4. Violation of the Fourteenth Amendment*

Title 42 U.S.C. § 1983, the vehicle through which Fourteenth Amendment violations are litigated, "provides a federal cause of action for the deprivation, under color of law, of a citizen's rights, privileges, or immunities secured by the Constitution and laws of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994) (internal quotation marks omitted). To state a claim under section 1983, Plaintiffs must allege facts showing that (1) they have been deprived of a right secured by the Constitution and the laws of the United States; and (2) Defendant was acting under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Because Defendant, as a private corporation, was not operating under color of state law, Plaintiffs cannot state a claim under section 1983 and the Fourteenth Amendment.

*5. Negligence*

Plaintiffs argue that Defendant was negligent because it failed to protect Plaintiffs from discrimination and harassment. Doc. 3 at 13. Although Plaintiffs claim to have suffered injuries due to said negligence, they do not identify their nature except to state that they suffered economic, psychological, and social harm. Doc. 3 at 13.

In Texas, the elements of a negligence claim are "the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *IHS Cedars Treatment Ctr. of Desoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004). Here, Plaintiffs suggest that Defendant breached its duty to them when it did not provide them with handheld shopping baskets and an electric scooter with a seat belt. Plaintiffs do not, however, connect these allegedly negligent acts with any tangible harm or injury. There is no explanation how this alleged negligence caused them any monetary or "social" damages. For that matter, there does not appear to be support for a claim that they suffered any damages whatsoever. Further, although Plaintiffs also allege that they suffered "psychological harm" from Defendant's alleged breach of duty, no cause of action exists in Texas for a claim of negligent infliction of emotional distress. *Tex. Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 612 (Tex. 2002). Accordingly, Plaintiffs' negligence claim should be dismissed.

*6. IIED*

Plaintiffs' IIED claim is, once again, premised on their allegations that Defendant refused to provide them handheld shopping baskets or an electric scooter with a seatbelt. Doc. 3 at 14-15. As Defendant correctly asserts, however, an IIED claim is not viable in this case because it is based on the same facts that underpin all of Plaintiffs' other claims. *See Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004) (noting that IIED claims were judicially

created for the limited purpose of allowing recovery in those rare instances when a defendant inflicts severe emotional distress in an unusual manner for which the victim has no other recognized cause of action).

Even considering the IIED claim on the merits, Plaintiffs have not shown that "(1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe." *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995). Courts have repeatedly dismissed IIED claims which stem from the manner in which the defendants investigated potential criminal acts by the plaintiffs. *See Major v. Hoechst Celanese Corp.*, 108 F.3d 331, 1996 WL 73740, at *1 (5th Cir. 1997) (a statement to the effect that plaintiff's actions amounted to stealing was insufficient to state a claim for IIED); *Randall's Food Mkts.*, 891 S.W.2d at 644 (defendant was entitled to dismissal of an IIED claim which was based on a theft allegation against the plaintiff). In conclusion, Defendant is entitled to dismissal of Plaintiffs' IIED claim.

    *7. Slander and Defamation*

The whole of this claim is Plaintiffs' assertion that Defendant and its employees falsely "communicated orally that Plaintiffs engaged in theft." Doc. 3 at 15. Defendant argues that Plaintiffs cannot state a defamation claim because they do not (1) claim that the allegedly defamatory statement was conveyed to third parties; (2) identify any specific statements; and (3) allege the time or place of the statements. Doc. 8 at 27-28.

Slander is a defamatory statement orally communicated or published to a third person without legal excuse. *Diaz v. Rankin*, 777 S.W.2d 496, 498 (Tex. App.—Corpus Christi 1989). The elements of a defamation claim for a private plaintiff against a non-media defendant are that

(1) the defendant published a false statement about the plaintiff to a third party; (2) the statement was defamatory; and (3) the defendant acted with negligence concerning the truth of the statement. *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). A "defamatory" statement is one that an ordinary person would interpret as tending to injure a person's reputation and expose them to "public hatred, contempt or ridicule, or financial injury or to impeach the person's honesty, integrity, virtue or reputation." *Kelly v. Diocese of Corpus Christi*, 832 S.W.2d 88, 91 (Tex. App.—Corpus Christi 1992).

As an initial matter, the vague statement at issue is not defamatory because Plaintiffs do not allege that Defendant published the statements to a third party. *See Plumley v. Landmark Chevrolet, Inc.*, 122 F.3d 308, 311 (5th Cir. 1997) ("[T]he oral statement must be communicated to a third party . . ."). Moreover, considering the context of the statement as a whole and based on how a person of ordinary intelligence would perceive the statement, the vague imputation of theft by Defendant that Plaintiffs allege is not an actionable defamatory statement. *Kelly*, 832 S.W.2d at 91; *see, e.g.*, *Burch v. Coca-Cola Co.*, 119 F.3d 305, 325-26 (5th Cir. 1997) (a statement that the plaintiff had been terminated for exhibiting menacing behavior toward another employee, coupled with the context in which the statement was made, was too vague to constitute defamation); *Einhorn v. LaChance*, 823 S.W.2d 405, 410-11 (Tex. App.—Houston [1st Dist.] 1992) (holding that the statement that an employee was fired for reasons relating "solely to work performance" was not defamatory because it was nonspecific). The "statement" at issue in this case is similarly vague, and Plaintiffs do not indicate what was specifically said, who said it, when it was said, or precisely where it was said. Accordingly, Defendant is entitled to dismissal of Plaintiffs' slander and defamation claims.

**D. Leave to Amend**

Ordinarily, plaintiffs should be granted leave to amend their complaint prior to dismissal. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) ("A pro se litigant should be offered an opportunity to amend his complaint before it is dismissed."). Considering the facts that Plaintiffs pled, however, there is simply no possibility that relief can be awarded on any of their claims. *See McConathy v. Dr. Pepper/Seven Up Corp.*, 131 F.3d 558, 561-62 (5th Cir. 1998) (noting that dismissal with prejudice is appropriate if it appears that no relief can be granted under any set of facts that could be proven consistent with the plaintiff's allegations). The Court therefore concludes that Plaintiffs already have pled their best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999) (dismissal with prejudice of a *pro se* case is appropriate if the court determines that the plaintiff has alleged his best case). Allowing Plaintiffs to amend their complaint would be futile and cause needless delay.[2]  Accordingly, Plaintiffs' complaint should be dismissed with prejudice.

---

[2] The Court recognizes that this is not Plaintiff Lowe's first go-round in this tribunal, and the cases have all been dismissed. *See Lowe v. UHF Magnolia Trace, LP*, No. 14-CV-01460-M; *Lowe v. Extend Health*, No. 14-CV-01407-K; *Lowe v. Viewpoint Bank*, 12-CV-01725-G; *Lowe v. Wellcare Health Plans*, No. 11-CV-00009-L; *Lowe v. Wellcare Health Plans, Inc.*, No. 09-CV-00806-D. Plaintiff also has two other cases that are currently pending. *Lowe v. Firestone Tire and Rubber Co.*, 16-CV-3067-K; *Lowe v. Burlington Stores, Inc.*, 16-CV-3068-B. At this juncture, Plaintiffs should be well enough aware of the litigation process to know that they have to raise specific factual allegations to avoid dismissal of their claims.

### E. Conclusion

For the reasons stated, it is recommended that Defendant's *Motion to Dismiss*, Doc. 7, be **GRANTED**, Plaintiffs' *Motion for Summary Judgment*, Doc. 13, be **DENIED**, and this case be **CLOSED**.

**SO RECOMMENDED** on February 21, 2017.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE